[Cite as *Caddy v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4216.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATTHEW CADDY

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2009-08624-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Matthew Caddy, an inmate incarcerated at defendant's North Central Correctional Institution (NCCI), stated that he received a food box on August 14, 2008 and placed the food in his locker box which he secured with a padlock he had purchased at defendant's Correctional Reception Center in December 2005. At sometime while plaintiff was at work on August 14, 2008, an unidentified individual broke into his locked locker box and stole his food items.

{¶ 2} 2) Plaintiff advised that he reported the theft to NCCI staff at approximately 3:45 p.m. on August 14, 2008 and forwarded a list of the stolen items at approximately 6:00 p.m. on that same day. According to plaintiff, NCCI personnel did not conduct any search for his stolen property on the day that he reported the theft. Plaintiff claimed that NCCI staff conducted a search on August 19, 2008 and recovered some of his stolen property; specifically five jars of coffee. Plaintiff further claimed that the recovered coffee was never returned to his possession. In all, plaintiff related that he suffered the "loss of 10 jars of Folgers coffee; 18 Butterfinger candy bars; 18

Snickers; 16 Junior Mints; 16 Hershey's candy bars with almonds; 19 Reese's cups; 20 Kit Kat; 9 Skittles; 19 M & M, plain; 1 blue t-shirt (Fruit of the Loom); 1 bag Midnight Special Tobacco; 1 padlock (damaged); 1 pouch Bugler tobacco." Plaintiff asserted that his property was stolen, damaged, or unrecovered as a proximate cause of negligence on the part of NCCI personnel. Plaintiff filed this complaint seeking to recover damages in the amount of $157.34, the replacement cost of his stolen and damaged property. Payment of the filing fee was waived.

{¶ 3} 3) Plaintiff submitted a copy of a "Theft/Loss Report" compiled by NCCI employee, Officer Burrell, after plaintiff reported the locker box theft on August 14, 2008. Burrell noted that inmate living areas were searched "in and around area of theft." Apparently no property was recovered incident to this search. Plaintiff submitted a handwritten statement from a fellow inmate identified as Robert Jenkins who wrote: "[t]here was no search or shakedown on August 14, 2008." Jenkins recalled "[t]here was a search and shakedown on August 19, 2008." Additionally, Jenkins recalled he observed two NCCI employees "carrying jars of Folgers coffee they apparently had seized." The Jenkins statement was signed by five other inmates. Plaintiff submitted typed and signed statements from fellow inmates Rodney A. Webber, Bennie S. Robinson, Christopher Dodge, Curtis Malone, and Robert Jenkins. All five of these typed statements contain the same language as the submitted handwritten statement from Robert Jenkins.

{¶ 4} 4) Defendant contended that plaintiff failed to offer sufficient evidence to establish his property was stolen and unrecovered as a proximate cause of negligence on the part of NCCI staff. Defendant explained that two searches were conducted after plaintiff reported the theft with the second search involving a shakedown of the area. Defendant acknowledged that coffee was confiscated from an inmate during the course of the shakedown search when he could not provide proof of ownership, reporting that the coffee "was a gift from a friend." Defendant related that "[t]he friend did have a receipt for the coffee, so it was impossible to tell whether the coffee belong to Plaintiff or the inmate's friend." Defendant advised that the confiscated coffee was destroyed as contraband "[b]ecause of the inability to determine ownership." Defendant insisted that the confiscated coffee "could not be clearly identified" as plaintiff's property, therefore it was not returned to him.

**{¶ 5}** 5) Plaintiff filed a response asserting that NCCI staff failed to conduct a timely search for his property after he reported the theft. Plaintiff contended that the failure to conduct a timely search constituted actionable negligence. Plaintiff also contended that defendant was negligent in providing him with an inadequate locker box and the choice of an inadequate lock to secure his property.

CONCLUSIONS OF LAW

**{¶ 6}** 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 7}** 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 8}** 3) Plaintiff has no right to pursue a claim for destroyed property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD.

**{¶ 9}** 4) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 10}** 5) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 11}** 6) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 12}** 7) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985),

85-01546-AD.

{¶ 13} 8)   In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 14} 9)   The fact that a theft may have occurred is insufficient to show defendant's negligence.  *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD.  Plaintiff must show defendant breached a duty of ordinary or reasonable care.  *Williams.*

{¶ 15} 10)   Defendant is not responsible for actions of other inmates unless an agency relationship is shown or it is shown that defendant was negligent.  *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615; *Jenkins v. Richland Correctional Inst.*, Ct. of Cl. No. 2003-01768-AD, 2003-Ohio-4483.

{¶ 16} 11)   The fact defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care.  *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.  Defendant has no duty to provide inmates access to extraordinary devices in which to secure property.  See *Wallace v. Grafton Corr. Inst.*, Ct. of Cl. No. 2009-01743-AD, 2009-Ohio-5741.

{¶ 17} 12)   Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft.  *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 18} 13)   However, a search is not always necessary.  In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff.  In the instant case, all of plaintiff's property items claimed were indistinguishable and, therefore, no duty to search arose.

{¶ 19} 14)   Plaintiff has failed to prove, by a preponderance of the evidence, that

defendant was negligent in respect to making any attempts to recover stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207. Plaintiff has failed to prove defendant delayed in conducting any search or conducted an inadequate search.

{¶ 20} 15) Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD. *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MATTHEW CADDY

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant

     Case No. 2009-08624-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Matthew Caddy, #506-006
670 Marion Williamsport Road
Marion, Ohio  43302

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
4/12
Filed 5/4/10
Sent to S.C. reporter 9/2/10