[Cite as *Forester v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-3443.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN W. FORESTER

     Plaintiff

     v.

OHIO DEPT. OF REHAB. & CORR.

     Defendant

     Case No. 2010-10289-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} 1) Plaintiff, John W. Forester, an inmate incarcerated under the custody of defendant, Department of Rehabilitation and Correction, at the London Correctional Institution (LoCI), filed this action alleging his personal property was stolen as a proximate cause of negligence on the part of LoCI staff in failing to provide adequate protection. Plaintiff explained he secured his property in his foot and wall lockers on January 11, 2010 in anticipation of being transferred from his housing unit. While awaiting transfer, plaintiff's personal property was packed and inventoried by LoCI personnel with the assistance of an inmate porter. Plaintiff indicated he was in proximity to his property while the items were being packed and could observe the pack-up taking place. Plaintiff maintained his radio, headphones, tennis shoes, "and various other miscellaneous items" were not among his packed property. Plaintiff presumed "someone had stolen" his property. Plaintiff advised that he was subsequently transferred (February 4, 2010) from the Correctional Medical Center to the Chillicothe Correctional Institution where he confirmed "that said property items (were) missing from his personal property." Plaintiff asserted LoCI staff failed "to make reasonable

attempts to recover the property when it was reported stolen." In his complaint, plaintiff requested damages in the amount of $86.47, the estimated replacement cost of his alleged missing property, which included a GPX radio, Koss headphones, Riddell tennis shoes, a coffee mug, two towels, and six wash cloths. Additionally, plaintiff requested $20.00 for postage and copying expenses[1] as well as $25.00 for filing fee reimbursement costs. Plaintiff did not pay and was not required to pay a filing fee to prosecute this action. Plaintiff's damage claim in this action is limited to $86.47.

{¶ 2} 2) Plaintiff submitted a copy of his "Inmate Property Record-Disposition and Receipt" (inventory) dated May 10, 2009 compiled by LoCI staff incident to a transfer. This inventory lists the following items relevant to this claim: one radio, one set of headphones, one pair of gym shoes, and ten towels. No wash cloths and mugs/glasses are listed. Plaintiff also submitted a copy of an additional inventory which the trier of fact finds entirely illegible. Furthermore, plaintiff submitted a copy of another inventory dated February 3, 2010 and compiled incident to a transfer from LoCI to the Chillicothe Correctional Institution. Property relevant to this claim listed on this inventory includes: two personal towels, two personal wash cloths, and a pair of ear buds. No radio, Koss headphones, or tennis shoes are listed on this inventory. Plaintiff submitted documentation showing he purchased a set of Koss headphones on January 9, 2009 (purchase price $18.73), a pair of Riddell shoes on November 27, 2009 (purchase price $21.60), and a GPX radio on December 9, 2008 (purchase price $24.81).

{¶ 3} 3) Defendant denied liability in this matter contending plaintiff failed to offer sufficient evidence to establish his property items were lost or stolen as a proximate cause of negligence on the part of LoCI personnel. Defendant noted plaintiff did not complain about any missing property until February 28, 2010 when he filed an Informal Complaint Resolution (ICR). Defendant maintained LoCI staff conducted a search for plaintiff's property after plaintiff advised that his property was in the possession of another inmate (Inmate Diggins #558-399). Defendant asserted plaintiff's property was "watched" the entire time the items were transported on January 11, 2010.

---

[1] Postage and copying costs are not compensable in a claim of this type. *Carnail v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2007-06322-AD, 2008-Ohio-1207; *Tyler v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2007-07299-AD, 2008-Ohio-3418.

**{¶ 4}** 4)    Plaintiff filed a response arguing his property was lost or stolen as a result of defendant's negligence not packing his property in a prompt fashion after the property was secured in locked lockers.    Plaintiff advised his property "sat unsupervised" from 11:45 a.m. to 1:30 p.m. on January 11, 2010.

CONCLUSIONS OF LAW

**{¶ 5}** 1)    In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 6}** 2)    "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 7}** 3)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 8}** 4)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 9}** 5)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 10}** 6)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 11}** 7)    In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any

essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 12} 8)  The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425.  Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

{¶ 13} 9)  Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 14} 10)  The fact defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶ 15} 11)  Plaintiff's failure to prove delivery of the claimed missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 16} 12)  Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.

{¶ 17} 13)  The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court does not find plaintiff's assertions particular persuasive in reference to any theft of his property actually took place.  The trier of fact does not believe plaintiff's assertions regarding a property theft on January 11, 2010.

{¶ 18} 14)  Plaintiff may show defendant breached its duty of reasonable care by providing evidence of an unreasonable delay in packing inmate property. *Springer v. Marion Correctional Institution* (1981), 81-05202-AD.

{¶ 19} 15)  In the instant claim, plaintiff has failed to prove any delay in packing his property resulted in any property theft.  *Stevens v. Warren Correctional Institution* (2000), 2000-05142-AD; *Knowlton v. Noble Corr. Inst.*, Ct. of Cl. No. 2005-06678-AD, 2005-Ohio-4328.

{¶ 20} 16)  Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft.  *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 21} 17)  However, a search is not always necessary.  In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff.  In the instant case, some of plaintiff's property items claimed were indistinguishable and, therefore, no duty to search arose.

{¶ 22} 18)  Plaintiff has failed to prove, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207.  Plaintiff has failed to prove defendant delayed conducting any search or conducted an inadequate search after being notified of missing property.  *Caddy v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. 2009-08624-AD, 2010-Ohio-4216.

{¶ 23} 19)  Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen as a proximate result of any negligent conduct attributable to defendant.  *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor

JOHN W. FORESTER

     Plaintiff

     v.

OHIO DEPT. OF REHAB. & CORR.

     Defendant

     Case No. 2010-10289-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

John W. Forester, #127-570       Gregory C. Trout, Chief Counsel
P.O. Box 7010                Department of Rehabilitation
Chillicothe, Ohio  45601-5500     and Correction
                           770 West Broad Street
                           Columbus, Ohio  43222

RDK/laa
3/15
Filed 3/31/11
Sent to S.C. reporter 6/30/11