[Cite as *King v. Noble Corr. Inst.*, 2011-Ohio-3870.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD KING

     Plaintiff

     v.

NOBLE CORRECTIONAL INSTITUTION

     Defendant

     Case No. 2010-12419-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} Plaintiff, Richard King, an inmate formerly incarcerated at defendant, Noble Correctional Institution (NCI), filed this action alleging several items of his personal property were lost or stolen on July 11, 2010 as a proximate result of negligence on the part of NCI staff. Plaintiff related he was transferred from the NCI general population to an isolation unit on July 11, 2010 after he was assaulted by other inmates on two separate occasions. Plaintiff's personal property was inventoried, packed, and delivered into the custody of NCI personnel incident to this transfer. According to plaintiff, he was released from isolation on July 13, 2010, at approximately 2:00 p.m. and he was instructed to pack his property into cardboard boxes in preparation for his transfer from NCI to Belmont Correctional Institution (BeCI). Plaintiff asserted that when he began to pack his property he found that most of his property was missing. Plaintiff submitted a copy of his property inventory compiled on July 13, 2010, by NCI personnel. This inventory does bear plaintiff's signature verifying that all

of the property listed on the inventory had been returned to him.

{¶ 2}  In his complaint, plaintiff alleged that the missing property was stolen from his cell prior to his belongings being packed up and that defendant unreasonably delayed packing his property incident to the transfer.  Plaintiff contended his property was stolen as a proximate cause of negligence on the part of defendant in failing to provide adequate protection and security.  Plaintiff requested damage recovery in the amount of $507.67, the stated total value of the alleged missing property.  Payment of the filing fee was waived.

{¶ 3}  Defendant argued plaintiff has failed to establish his property was stolen as a proximate cause of any negligent act or omission on the part of NCI personnel.  Defendant asserted that upon notice from the captain's office, plaintiff's property was immediately inventoried, packed, and placed in storage on July 11, 2010.  In addition, defendant contended plaintiff failed to prove that he owned or possessed the items he claims were stolen.  Defendant specifically denied ever exercising control over many items plaintiff claimed.  Defendant asserted plaintiff failed to prove any of his property was lost or stolen as a proximate result of negligence on the part of NCI staff.  Accordingly, defendant denied any liability for the loss of plaintiff's property.

{¶ 4}  Plaintiff filed a response.  Plaintiff stated that the corrections officer delayed in packing his property for approximately two and one half hours and that such delay constituted negligence by NCI staff.  Plaintiff alleged he immediately reported the theft to NCI personnel and stated that he was "forced to sign" the inventory receipt on July 13, 2010.  Plaintiff maintained his property was lost or stolen as a result of defendant's negligence in not packing his property "immediately or properly."

CONCLUSIONS OF LAW

{¶ 5}  In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 6} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v.*

*Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 7}** Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 8}** This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 9}** Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 10}** Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 11}** In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

**{¶ 12}** The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

**{¶ 13}** Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

**{¶ 14}** Plaintiff may show defendant breached its duty of reasonable care by providing evidence of an unreasonable delay in packing inmate property. *Springer v. Marion Correctional Institution* (1981), 81-05202-AD.

**{¶ 15}** In the instant claim, plaintiff has failed to prove any delay in packing his

property resulted in any property theft. *Stevens v. Warren Correctional Institution* (2000), 2000-05142-AD; *Knowlton v. Noble Corr. Inst.*, Ct. of Cl. No. 2005-06678-AD, 2005-Ohio-4328.

{¶ 16}    Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.

{¶ 17}    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions particularly persuasive in reference to a property theft on July 11, 2010.

{¶ 18}    Plaintiff's failure to prove delivery of the claimed missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 19}    Plaintiff has failed to show an causal connection between the loss of his property listed and any breach of a duty owed by defendant in regard to protecting inmate property. *Druckenmiller v. Mansfield Correctional Inst.* (1998), 97-11819-AD; *Melson v. Ohio Department of Rehabilitation and Correction* (2003), Ct. of Cl. No. 2003-04236-AD, 2003-Ohio-3615.

{¶ 20}    Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 21}    However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. In the instant case, most of plaintiff's property items claimed were indistinguishable and, therefore, no duty

to search arose.

{¶ 22} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207. Plaintiff has failed to prove defendant delayed conducting any search or conducted an inadequate search after being notified of missing property. *Caddy v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. 2009-08624-AD, 2010-Ohio-4216.

{¶ 23} Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.



# Court of Claims of Ohio

RICHARD KING

    Plaintiff

    v.

NOBLE CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-12419-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Richard King, #489-103
P.O. Box 5500
Chillicothe, Ohio 45601

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

SJM/laa
4/14

Filed 4/25/11
Sent to S.C. reporter 8/5/11